```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                            )
                                  )    Chapter 7
WALTERMAN IMPLEMENT, INC.         )
                                  )    Bankruptcy No. 05-07284
      Debtor.                     )
_____    )
RENEE HANRAHAN, TRUSTEE           )
                                  )    Adversary No. 07-09043
      Plaintiff,                  )
                                  )
vs.                               )
                                  )
SARAH WALTERMAN                   )
                                  )
      Defendant.                  )
```

**ORDER RE: PLAINTIFF'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT (Doc. 12)**

This matter came before the undersigned on August 31, 2007 on Plaintiff's First Motion for Partial Summary Judgment. Plaintiff/Trustee Renee Hanrahan was represented by attorney Eric W. Lam. Defendant Sarah Walterman was represented by attorney David A. Morse. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

**STATEMENT OF THE CASE**

Trustee seeks to recover fraudulent transfers from Defendant under 11 U.S.C. § 548(a)(1)(B). She moves for partial summary judgment on the first two elements of her fraudulent transfer claim. Defendant argues issues of fact exist regarding whether Debtor made the transfers or received reasonably equivalent value.

**STATEMENT OF FACTS**

Leon Walterman is the sole shareholder and officer of Debtor, a subchapter S corporation incorporated in Delaware. Defendant Sarah Walterman is his daughter. Defendant's parents agreed to pay her college expenses in exchange for her love, affection, and promise to work hard in school. Defendant received three checks from Debtor's account during the twelve

months prior Debtor's petition date.[1]  Additionally, three checks were written directly to the University of Northern Iowa from Debtor's account for Defendant's benefit during that time.[2]  The six checks totaled $21,764.52 and Leon Walterman signed each.

## CONCLUSIONS OF LAW

Summary judgment is appropriate when the evidence produced demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.  A genuine issue of material fact exists when (1) there is probative evidence supporting the non-moving party and (2) the evidence goes to a fact impacting the outcome of the dispute under the controlling substantive law in the case. Anderson v. Liberty Lobby, 447 U.S. 242, 248-49 (1986).  Essentially, summary judgment should be granted if the moving party can demonstrate that there is no need for trial on an issue because there is not sufficient evidence supporting the nonmoving party.  Id. at 249.  When a motion for summary judgment is made, the Court must view the available evidence in the light most favorable to the nonmoving party.  In re Marlar, 267 F.3d 749, 755 (8th Cir. 2001).

## 11 U.S.C. § 548(a)(1)(B)

Trustee must prove three elements by a preponderance of the evidence to avoid a transfer as fraudulent under § 548(a)(1)(B): (1) Debtor made a transfer to Defendant, (2) Debtor did not receive reasonably equivalent value from Defendant in return for the transfer, and (3) Debtor was insolvent at the time the transfer was made.  11 U.S.C. § 548(a)(1)(B)(i)-(ii); In re Craig, 114 F.3d 587, 590 (8th Cir. 1998).

Trustee's motion for partial summary judgment asserts that the undisputed facts prove the first two elements of an avoidable fraudulent transfer.  Specifically, Trustee claims that she is entitled to finding as a matter of law that (1) Debtor made

---

[1] Checks payable directly to Sarah Walterman:
    May 22, 2005 - check # 46208 - $5,500.00
    August 15, 2005 - check # 47266 - $5,800.00
    October 5, 2005 - check # 47967 - $2,000.00

[2] Checks payable to University of Northern Iowa on behalf of Sarah Walterman:
    January 1, 2005 - check # 44840 - $2,741.85
    May 5, 2005 - check # 45993 - $2,766.54
    September 14, 2005 - check # 47696 - $2,956.13

transfers to Defendant and (2) Debtor did not receive reasonably equivalent value in exchange for the transfers.

Defendant counters that there are genuine issues of material fact in dispute that must be resolved before these two elements can be conclusively determined. First, Defendant claims that there is a factual dispute regarding who made the transfers, Debtor or Leon Walterman. Defendant asserts that Leon Walterman made the transfers as an individual, using the wages and profits he earned from Debtor. Second, Defendant claims that Debtor received reasonably equivalent value for the transfers in the form of Leon Walterman's services.

### TRANSFERS FROM DEBTOR TO DEFENDANT

The first element of a § 548(a)(1)(B) avoidance claim requires that Debtor made transfers to Defendant within the one year look-back period.[3] 11 U.S.C. § 548(a)(1). Thus, Trustee must demonstrate that Debtor itself, not Leon Walterman as an individual, made one or more transfers to Defendant between October 21, 2004 and October 21, 2005. The parties agree that transfers were made from Debtor's checking account to, or on behalf of, Defendant. They also agree regarding the dates and amounts of the transfers. Trustee asserts that the transfers were made by Debtor, not Leon Walterman, based on the fact that the checks were drawn on Debtor's account. Defendant counters that the record does not support a finding that the checks were made by Debtor rather than Leon Walterman, given the structure of S corporations.

A subchapter S corporation is an entity distinct and separate from its owner. In re Funaro, 263 B.R. 892, 898 (8th Cir. B.A.P. 2001). It is organized to avoid corporate double taxation. Internal Revenue Service, S Corporations, www.irs.gov/businesses/small/article/0,,id=98263,00.htlm (last visited Sept. 18, 2007). The S corporation files a federal income tax return but is generally exempt from paying taxes. Id. Instead, the profits and losses "flow through" to the shareholders and are reported on the shareholders' individual tax returns. Id.

---

[3] The one year look-back period was increased to two years by the BAPCPA. BAPCPA applies to cases filed on or after October 17, 2005, but the two year look-back period in § 548(a)-(b) applies only to cases filed on or after April 20, 2006. Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 1406, 119 Stat. 23, 215 (2005).

Financial distributions to, or on behalf of, a sole proprietor of an S corporation qualify as wages. See, e.g., Specialty Transport & Delivery Services, Inc. V. C.I.R., T.C.M. 2003-51 (T.C. 2003). A sole shareholder of an S corporation is not entitled to any compensation until corporate creditors are paid, even when the sole shareholder has rendered personal services. Funaro, 263 B.R. at 899. The owner may not take any action for his own benefit, including withdrawing wages, at the expense of the corporation's creditors. Id. at 898. Essentially, the sole shareholder only has personal access to the corporation's net profits. Id.

Leon Walterman was the sole shareholder of Debtor. If Debtor's creditors were being paid, he may be entitled to treat any net profit as wages and spend it at his discretion. If, however, Debtor's creditors were not being paid, Leon Walterman may not be entitled to withdraw wages. The record is insufficient to allow the Court to determine whether Debtor's creditors were being paid, if there was a net profit available to Leon Walterman, or the amount of any net profit. Genuine issues of material fact exist regarding whether Debtor was producing any net profit at the time of the transfers to Defendant. Trustee's Motion for Partial Summary Judgment on the first element of § 548(a)(1)(B) must be denied.

**REASONABLY EQUIVALENT VALUE**

The second element of a § 548(a)(1)(B) avoidance claim requires that Debtor did not receive "reasonably equivalent value" for its transfers to Defendant. 11 U.S.C. § 548(a)(1)(B)(I). "Value" is defined as "property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor." 11 U.S.C. § 548(d)(2)(A). Trustee asserts that "love and affection" is the only thing Debtor received in return for the transfers and that, as a matter of law, love and affection do not constitute reasonably equivalent value. Defendant counters that Debtor received reasonably equivalent value for the transfers in the form of Leon Walterman's personal services and that Leon Walterman individually received love, affection, and his daughter's best academic efforts in exchange for paying Defendant's college expenses.

The requirement of reasonably equivalent value in the Bankruptcy Code is designed to protect unsecured creditors from depletion of the estate. In re Marlar, 267 F.2d 749, 755-56 (8th Cir. 2001). It is distinct from the consideration necessary to

4

form a legally binding contract.  Id.  Consideration does not qualify as reasonably equivalent value if it does not provide a financial benefit to the debtor and thus to the creditors.  In re Marlar, 252 B.R. 743, 760 (B.A.P. 8th Cir. 2000), aff'd In re Marlar, 267 F.3d 749 (8th Cir. 2001).[4]  It is true that love and affection will rarely, if ever, constitute reasonably equivalent value because they are of no use to creditors.  See, e.g., Marlar, 267 F.3d at 756; In re Treadwell, 699 F.2d 1050, 1051 (11th Cir. 1983).  Debtor may have received reasonably equivalent value, however, if transfers were made in exchange for Leon Walterman's personal services.

The resolution of whether Debtor received reasonably equivalent value in exchange for the tranfers to Defendant turns on whether Debtor's creditors were being paid and the amount of any net profit available to pay for Leon Walterman's services.  Genuine issues of material fact exist regarding whether Debtor was producing any net profit at the time of the transfers to Defendant.  Therefore, Trustee's Motion for Partial Summary Judgment on the second element of § 548(a)(1)(B) must be denied.

WHEREFORE, Trustee's Motion for Partial Summary Judgment is DENIED.

FURTHER, issues of fact preclude summary judgment at this time.

DATED AND ENTERED:

September 28, 2007

*[signature]*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

---

[4] This case is distinguishable from Chapman, wherein this Court held that the value need not be directly received by Debtor.  In re Chapman Lumber Co., Inc., No. 06-09114, 2007 WL 2316528, at *6 (Bankr. N.D. Iowa Aug. 8, 2007).  In Chapman, the Trustee initiated the proceeding pursuant to §544(b)(1), which allows a Trustee to avoid a transfer that is avoidable under applicable law.  The Trustee elected to proceed under Iowa Code § 684.4(1)(a), the Iowa Uniform Fraudulent Transfer Act.  In response, the defendant raised the available affirmative defense of good faith under Iowa Code § 684.8(1).  In contrast, the instant case involves a § 548 proceeding that does not directly implicate the Iowa UFTA.