UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                           )
                                 )    Chapter 7
WALTERMAN IMPLEMENT, INC.        )
                                 )    Bankruptcy No. 05-07284
     Debtor.                     )
_____)
RENEE HANRAHAN, TRUSTEE          )
                                 )    Adversary No. 07-09043
     Plaintiff,                  )
                                 )
vs.                              )
                                 )
SARAH WALTERMAN                  )
                                 )
     Defendant.                  )
```

**ORDER RE: MOTIONS TO STRIKE**

This matter came before the undersigned on September 21, 2007 on Defendant's Motions to Strike. Plaintiff/Trustee Renee Hanrahan was represented by attorney Eric W. Lam. Defendant Sarah Walterman was represented by attorney David A. Morse. After oral argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

**STATEMENT OF THE CASE**

Defendant seeks to have two documents submitted by Trustee stricken from the record. The documents in question are an affidavit and a report prepared by Trustee's expert witness, that address the issue of Debtor's solvency. Trustee resists and objects to both motions to strike. The two motions have been consolidated for purposes of this ruling.

**STATEMENT OF FACTS**

Trustee's complaint seeks to recover fraudulent transfers under 11 U.S.C. § 548(a)(1)(B). At the scheduling conference on April 27, 2007, the Court set a discovery deadline of July 31, 2007. On May 22, 2007, Defendant served interrogatories on Trustee which included requests for information regarding expert testimony and the bases for any allegations of insolvency. Trustee's responses, which were served on Defendant's counsel on

1

June 20, 2007, indicated that Jim Brems, CPA, would provide expert testimony on the issue of insolvency. Correspondence between counsel for Trustee and Defendant indicates that Defendant planned to depose Mr. Brems on July 24, 2007 but cancelled the deposition following the resolution of a related matter.

Trustee submitted a motion for partial summary judgment on the issue of insolvency, the third element of the fraudulent transfer claim, on August 17, 2007. Attached to that motion was the affidavit of James T. Brems, CPA ("Affidavit"). On September 6, 2007, Trustee mailed the written report of Mr. Brems ("Report") to Defendant.

## CONCLUSIONS OF LAW

Defendant moves to strike both the Affidavit and the Report as untimely and insufficient. She asserts that any use of, or reliance on, the documents would be unfairly prejudicial. Trustee contends the Affidavit, which was not in existence until August 6, could not have been presented to Defendant or the Court at an earlier time. She further asserts that the Report is both timely and sufficient under the Federal Rules of Civil Procedure. Finally, she argues that admission of the documents is not unfairly prejudicial because Defendant was on actual notice of Mr. Brems' status and likely testimony and chose not to depose him.

## RULE 26

Courts are required to set discovery deadlines and have the authority to enforce those deadlines through the imposition of sanctions. Fed. R. Civ. P. 16(b)(3); Fed. R. Bankr. P. 7016; Fed. R. Civ. P. 37; Fed. R. Bankr. P. 7037; Firefighter's Inst. for Racial Equality ex rel. Anderson v. City of St. Louis, 220 F.3d 898, 902 (8th Cir. 2000). Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Bankruptcy Rule 7026, requires all parties to disclose any expert witnesses who may testify at trial. Fed. R. Civ. P. 26(a)(2)(A); Fed. R. Bankr. P. 7026. Rule 26(a)(2)(B) further mandates that "this disclosure shall . . . be accompanied by a written report prepared and signed by the [expert] witness." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Thus, expert witnesses must submit written reports and those reports must be offered prior to the court-imposed discovery deadline. Mems v. City of St. Paul, Dep't of Fire and Safety Servs., 327 F.3d 771, 780 (8th Cir. 2003); Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998). This information must be submitted in

accordance with the court's directives. Fed. R. Civ. P. 26(c). In the absence of a court-imposed deadline, the Rule requires parties to submit the information no later than ninety days before trial. Id.

In addition to timely submission, Rule 26(a)(2)(B) requires that the expert's witten report include certain structural components. These components include, among others, "a complete statement of all opinions to be expressed and the basis and reasons therefor; [and] the data or other information considered by the witness in forming the opinions." Fed. R. Civ. P. 26(a)(2)(B). These reporting requirements are designed to put a party on notice as to the substance and underpinnings of an expert's testimony. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006).

Defendant first claims that both the Affidavit and the Report are untimely. Trustee replies that, as no date has been set for trial, she has not violated the Rule. The ninety-day default provision in Rule 26(c) only applies in the absence of court-imposed deadlines. This Court set a discovery deadline of July 31, 2007 for this adversary proceeding. All discovery, including that relating to expert witnesses, must have been completed by the discovery deadline. Discovery deadlines are concrete deadlines, designed to "secure the . . . speedy . . . determination of every action." Fed. R. Civ. P. 1. Applying these principles literally, Trustee did not comply with the discovery deadline. The affidavit and the report are both untimely.

Defendant next claims that the Affidavit and the Report are insufficient and do not meet the standards in Rule 26(a)(2)(B). Specifically, she asserts that the documents are unacceptably vague as to the basis of the opinion and the documents relied upon to form the opinion. Trustee claims the Report fully comports with the Rule's requirements.

The two-page Affidavit includes Mr. Brems' overall opinion and a list of document types he relied on to form his opinion. While the affidavit does not strictly comply with the structural requirements of Rule 26(a)(2)(B), it does put Defendant on notice of Mr. Brems' opinion and the reasons therefor. Fed. R. Civ. P. 26(a)(2)(B). The two-page Report closely follows the Rule's suggested format and includes Mr. Brems' overall opinion and a list of document types he relied on to form his opinion. It also includes the valuation method he used to arrive at his opinion and a description of some specific documents he used in forming the opinion. The Report, like the Affidavit, is sufficient to

3

put Defendant on notice of Mr. Brems' expert opinion and underlying reasoning.

After reading either document, Defendant would know, at a minimum, that Mr. Brems was a CPA who would testify that, based on business records available to both parties, Debtor was insolvent from January 2005 through October 2005. Both the Affidavit and the Report were sufficient to put Defendant on notice as to the substance and basis of Mr. Brems' likely testimony. Both documents satisfy the intent and purpose of Rule 26(a)(2)(B). The Report satisfies the Rule's structural requirements.

**RULE 37**

The Court has broad discretion to exclude evidence, including expert reports and testimony, when discovery guidelines have been violated by the proffering party. Fed. R. Civ. P. 37; Firefighter's Inst., 220 F.3d at 902; Stansbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). A court may do this on its own initiative or in response to a motion to strike. Fed. R. Civ. P. 37. Granting a motion to strike is an extreme remedy, however, and one that is not favored by the courts. Stansbury, 221 F.3d at 1063; Lunsford v. U.S., 570 F.2d 221, 229 (8th Cir. 1977). If the failure to comply with discovery requirements is substantially justified or results in harmless error, exclusion is too harsh a remedy and thwarts the directive that the Rules "be construed and administered to secure the just . . . determination of every action." Fed. R. Civ. P. 1; Fed. R. Civ. P. 37; Firefighter's Inst., 220 F.3d at 902; Trost, 162 F.3d at 1008.

Neither party addresses the cause of the delay. Defendant contends that allowing the untimely submissions would be unduly prejudicial to her. She does not, however, specify the nature or extent of any prejudice that could arise if the Affidavit and Report were admitted. Trustee asserts there is no prejudice to Defendant given that she had actual notice of Mr. Brems' involvement and likely testimony when the interrogatory responses were served on her counsel on June 20, 2007. The adversary system relies on vigorous cross-examination and rebuttal testimony, not pre-trial exclusion, to highlight any deficiencies in expert testimony. Holmgren v. Massey-Ferguson, Inc., 516 F.2d 856, 858 (8th Cir. 1975).

**CONCLUSION**

The Court finds that the Affidavit and Report were untimely. However, the documents, individually and together, were sufficient to put Defendant on notice as to the substance and basis of Mr. Brems' likely testimony. The Court further finds that Defendant has not established prejudice arising from the untimely submissions. She had actual notice of the substance and basis of Mr. Brems' likely testimony prior to the discovery deadline. Therefore, Defendant's Motions to Strike are denied.

**WHEREFORE**, Defendant's Motion to Strike the affidavit of James T. Brems is DENIED.

**FURTHER**, Defendant's Motion to Strike the report of James T. Brems is DENIED.

Dated and Entered:

October 4, 2007

Paul J. Kilburg
Bankruptcy Judge