```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )     Chapter 7
WALTERMAN IMPLEMENT, INC.           )
                                    )     Bankruptcy No. 05-07284
     Debtor.                        )
_____)
RENEE HANRAHAN, TRUSTEE             )
                                    )     Adversary No. 07-09043
     Plaintiff,                     )
                                    )
vs.                                 )
                                    )
SARAH WALTERMAN                     )
                                    )
     Defendant.                     )
```

### ORDER RE: PLAINTIFF'S SECOND MOTION FOR
### PARTIAL SUMMARY JUDGMENT (Doc. 18)

This matter came before the undersigned on September 21, 2007 on Plaintiff's Second Motion for Partial Summary Judgment. Plaintiff/Trustee Renee Hanrahan was represented by attorney Eric W. Lam. Defendant Sarah Walterman was represented by attorney David A. Morse. After oral argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

### STATEMENT OF THE CASE

Trustee seeks to recover constructively fraudulent transfers from Defendant under 11 U.S.C. § 548(a)(1)(B). She moves for partial summary judgment on the third element of her fraudulent transfer claim, insolvency. Defendant resists and argues that issues of fact exist regarding whether Debtor was solvent at the time of the transfers.

### STATEMENT OF FACTS

Leon Walterman is the sole shareholder, director, and officer of Debtor, a subchapter S corporation incorporated in Delaware. Defendant Sarah Walterman is his daughter. Defendant's parents agreed to pay her college expenses in

1

exchange for her love, affection, and promise to work hard in school.  She received three checks from Debtor's account during the twelve months prior to the petition date for school expenses.[1]  Additionally, three checks were written directly to the University of Northern Iowa from Debtor's account for Defendant's benefit during that time.[2]  The six checks totaled $21,764.52 and Leon Walterman signed each.

**CONCLUSIONS OF LAW**

Summary judgment is appropriate when the evidence produced demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.  A genuine issue of material fact exists when (1) there is probative evidence supporting the non-moving party and (2) the evidence goes to a fact impacting the outcome of the dispute under the controlling substantive law in the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986).  Essentially, summary judgment should be granted if the moving party can demonstrate that there is no need for trial on an issue because there is not sufficient evidence supporting the nonmoving party.  Id. at 249.  When a motion for summary judgment is made, the Court must view the available evidence in the light most favorable to the nonmoving party.  In re Marlar, 267 F.3d 749, 755 (8th Cir. 2001).

**11 U.S.C. § 548(a)(1)(B)**

Trustee must prove three elements by a preponderance of the evidence to avoid a transfer as constructively fraudulent under § 548(a)(1)(B):  (1) Debtor made a transfer to Defendant, (2) Debtor did not receive reasonably equivalent value from Defendant in return for the transfer, and (3) Debtor was insolvent at the time the transfer was made.  11 U.S.C. § 548(a)(1)(B)(i)-(ii); In re Craig, 144 F.3d 587, 589-90 (8th Cir. 1998).

---

[1] Checks payable directly to Sarah Walterman:
    May 22, 2005 - check # 46208 - $5,500.00
    August 15, 2005 - check # 47266 - $5,800.00
    October 5, 2005 - check # 47967 - $2,000.00

[2] Checks payable to University of Northern Iowa:
    January 1, 2005 - check # 44840 - $2,741.85
    May 5, 2005 - check # 45993 - $2,766.54
    September 14, 2005 - check # 47696 - $2,956.13

2

Trustee's motion for partial summary judgment asserts that the undisputed facts prove the third element of an avoidable fraudulent transfer.  Specifically, she claims that she is entitled to a finding as a matter of law that Debtor was insolvent at the time of the transfers based on the affidavit and report prepared by Trustee's expert witness, James T. Brems, CPA. Defendant counters that there is a factual dispute regarding Debtor's solvency at the time of the transfers.  She argues that Mr. Brems' conclusions are vague, unsubstantiated, and contradicted by tax returns, financial reports, and other financial records of the Debtor.

Trustee bears the burden of showing Debtor's insolvency in a § 548 proceeding.  Id.  The Bankruptcy Code defines insolvency as arising when "the sum of such entity's debts is greater than all such entity's property, at fair valuation."  11 U.S.C. § 101(32). Solvency is a fact-intensive determination requiring careful review of a company's financial records and its status at the time of the transfers.  Jones Truck Lines, Inc. v. Full Serv. Leasing Corp., 83 F.3d 253, 258 (8th Cir. 1996).

Determining solvency requires a two-step inquiry.  Id. (citing In re Taxman Clothing Co., Inc., 905 F.2d 166, 169-70 (7th Cir. 1990)).  First, the court must determine if the debtor was a going concern at the time of the transfers.  Jones Truck Lines, 83 F.3d at 258.  This determination impacts the fair valuation of the debtor's assets.  Id.  In the absence of a presumption of insolvency, there is a presumption that the debtor was a going concern at the time of the transfers.  Id.  The assets of a going concern tend to have a higher fair valuation than do the assets of a concern on its deathbed.  Taxman Clothing, 905 F.2d at 169.

Second, the balance sheet test requires comparison of the debtor's fairly valued assets to the debtor's liabilities.  Id. Simply stated, insolvency results under the balance sheet test when the sum of the debtor's assets, at fair valuation, are exceeded by the debtor's aggregate debts.  American Nat'l Bank & Trust Co. v. Boone, 333 F.2d 984, 987 (8th Cir. 1964).  With the exception of home foreclosures, fair valuation is generally not liquidation value.  Id.; BFP v. Resolution Trust Corp., 511 U.S. 531 (1994).  Nor, however, is it generally full retail price. American Nat'l Bank, 333 F.2d at 987.  Fair valuation is usually "a fair market price ... within a reasonable period of time, [as between] a willing seller and a willing buyer."  Id.

3

The parties dispute whether Debtor was solvent when the transfers were made. Trustee's expert witness report states that Debtor was insolvent on all transfer dates when liquidation value is used for its assets. The report also contends that liquidation value should be used because Debtor's principal drained Debtor of capital. The report, however, contains only a broad conclusion based on various documents that are not in the record. The report also fails to specify which liquidation value, financial or bankruptcy, was calculated and the results of those calculations. Jay Alix et al., <u>Financial Handbook for Bankruptcy Professionals</u> 2 (2d ed. 1996).

Defendant presents a collection of financial records, including tax returns, balance sheets, bank account summaries, and financial reports to rebut Trustee's report. These documents are not summarized and the valuation method is not specified. However, the documents tend to suggest that Debtor may have been solvent when some or all of the transfers were made. Trustee replies that Defendant's submissions are irrelevant because they reflect book value rather than fair value.

Given that neither liquidation or book value are typically equated with fair valuation, <u>American Nat'l Bank</u>, 333 F.2d at 987, there is a genuine issue of fact regarding the fair valuation of Debtor's assets. Resolution of this issue necessarily requires determining whether Debtor was a going concern at the time of the transfers. Only after resolution of these issues can Debtor's solvency or insolvency on the dates of the transfers be determined using the balance sheet test. Because genuine issues of material fact exist, the Court finds that Trustee's motion for summary judgment must be denied.

**WHEREFORE**, Trustee's Second Motion for Partial Summary Judgment is DENIED.

**FURTHER**, issues of fact preclude summary judgment at this time.

DATED AND ENTERED:

October 5, 2007

*/s/ Paul J. Kilburg/*

Paul J. Kilburg
U.S. Bankruptcy Judge